2015-12-0784

Cherokee County - District Clerk

Filed 12/3/2015 10:01:48 AM
Janet Gates
District Clerk
Cherokee County, Texas

Kelly Curry



NO. 2015-12-0784

| | | |
|---|---|---|
| KRISTIE VANHUIS INDIVIDUALLY AND AS NEXT FRIEND FOR C F , A MINOR *Plaintiffs,* | § § § § § § | IN THE DISTRICT COURT |
| V. | § § | OF CHEROKEE COUNTY, TEXAS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *Defendant.* | § § § § | SECOND JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **KRISTIE VANHUIS INDIVIDUALLY AND AS NEXT FRIEND FOR C F , A MINOR,** hereinafter referred to as Plaintiff, complaining of **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, hereinafter called Defendant, and for such cause of action would respectfully show the court the following:

**DISCOVERY CONTROL PLAN LEVEL**
**I.**

Plaintiffs request that discovery be conducted in accordance with discovery control plan Level 3 (Rule 190.4 T.R.C.P). Plaintiffs request that the court enter a discovery control plan order specifically tailored to the needs of this case.

EXHIBIT "B"

## JURISDICTION AND VENUE
## II.

This court has jurisdiction and venue is proper in Cherokee County, Texas pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code because this is a claim against an accident insurance company for underinsured motorist benefits and Plaintiff has resided in Cherokee County at all times material to this cause of action and continues to reside in Cherokee County. Plaintiff resided in Cherokee County at the time the cause of action accrued. All or a substantial part of the events or omissions giving rise to the cause of action occurred in Cherokee County Texas.

## PARTIES AND SERVICE
## III.

Plaintiff, **KRISTIE VANHUIS**, (DLN xxxxx057, SSN xxx-xx-x537) Individually and As Next Friend for C    F    , **A MINOR**, (SSN xxxxxx452) is an individual residing in Bullard, Cherokee County, Texas, presently and at the time of the occurrence on **July 9, 2014.**

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, is a foreign insurance company duly licensed to do business for profit in the State of Texas. Defendant may be served with process by serving its registered agent for service, Margie Southard, 8900 Amberglen Blvd, Austin, Texas 78729-1110.

## FACTS
## IV.

Plaintiffs bring this suit to recover for personal injuries sustained by Plaintiff as a result of a collision that occurred in Cherokee County, Texas with an underinsured vehicle operated by **MARIA DELEON,** an underinsured motorist. Such accident happened on or about the 9th day of July, 2014 The collision in question was proximately caused by **MARIA DELEON'S** negligence. At such time, Plaintiff was protected against loss or bodily injury resulting from the ownership, maintenance, or use of an underinsured motor vehicle or the negligence of an underinsured motorist by a policy of insurance

issued by Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, being policy number **0356403-B16-43U-003**. Such policy of insurance was in full force and effect on the 9th day of July, 2014, and at the time of the collision. On the occasion in question, **MARIA DELEON** was an underinsured motorist as such is defined by the terms of the policy of insurance issued by Defendant which provided coverage to Plaintiff. The policy of insurance issued by Defendant and covering Plaintiff at the time of the occurrence in question provided underinsured motorist benefits in the amount of $50,000.00 per person with a $100,000.00 aggregate limit.

### NEGLIGENCE OF THE UNDERINSURED MOTORIST
### V.

At the time and on the occasion in question, and immediately prior thereto, **MARIA DELEON**, an underinsured motorist, was negligent in various acts and omissions, including but not limited to the following, which negligence was the proximate cause of the occurrence in question:

a. In that **MARIA DELEON** failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person under the same or similar circumstances;
b. In that **MARIA DELEON** failed to apply the brakes to her motor vehicle in order to avoid the collision in question;
c. In **MARIA DELEON** operated her vehicle on the wrong side of the roadway in violation of the provisions of the Texas Transportation Code;
d. In that **MARIA DELEON** failed to turn her vehicle in an attempt to avoid the collision;
e. In that **MARIA DELEON** took faulty evasive action;
f. In that **MARIA DELEON** failed to yield one-half of the roadway in violation of the provisions of the Texas Transportation Code; and
g. In that **MARIA DELEON** committed other acts of negligence, all of which were a proximate cause of the occurrence in question.

At all relevant times, Plaintiff was a member of the group sought to be protected by the provisions of the Texas Transportation Code that were violated by the underinsured motorist.

### VI.

As a direct and proximate result of the collision described above, the Plaintiff suffered severe

personal injuries causing Plaintiff to suffer permanent bodily impairment. The collision in question and **MARIA DELEON'S** negligence has caused Plaintiff physical pain and mental anguish in the past and will, in reasonable probability continue to cause the same in the future by reason of the nature and severity of Plaintiff's injuries and damages. Plaintiff has suffered permanent bodily impairment resulting from her injuries caused by the collision. Plaintiff has been caused to incur medical charges in the past and a reasonable probability will continue to incur the same expenses in the future for Plaintiff's injuries. As a result of the accident, Plaintiff has suffered disfigurement in the past and in reasonable probability will suffer the same in the future.

### VII.

The motor vehicle causing Plaintiff's damages described above was at all times material to this action, an "underinsured motor vehicle" and **MARIA DELEON** at all times material to this action, was an "underinsured motorist" as that term is defined by the policy of insurance issued by **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** which covered Plaintiff at the time of the occurrence in question. Plaintiff has complied with all the terms of such insurance policy as a condition precedent in bringing this suit. All conditions precedent to bringing this suit have been performed or have occurred. All conditions precedent to Defendant's liability have been performed or have occurred. Nevertheless, Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** has failed and refused, and continues to fail and refuse, to pay Plaintiff the benefits under the policy of insurance as it is contractually required to do. Plaintiff brings this suit to recover all benefits that Plaintiff is rightfully due under the policy of insurance issued by **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** which covered Plaintiff at the time of the occurrence in question.

### VIII.
### UNFAIR CLAIM SETTLEMENT PRACTICES

In the handling of the above-referenced claim, Defendant has committed numerous violations of Chapter 542 of the Texas Insurance Code which is commonly known as the Unfair Claim Settlement Practices Act. Particularly, Defendant failed to timely acknowledge receipt of the claim; commence investigation of the claims; and request from the claimant all items, statements, and forms that the insurer reasonably believed, at the time, would be required from claimant. Defendant further failed to timely notify Plaintiffs in writing of the acceptance or rejection of the claim. Defendant further failed to timely pay the claim. In doing so, Defendant has violated the provisions of Chapter 542 of the Texas Insurance Code and particularly Section 542.055, Section 542.056, Section 542.057, and Section 542.058 of the Texas Insurance Code. Therefore, pursuant to Section 542.060 of the Texas Insurance Code, Defendant is liable for interest on the amount of the claim at the rate of eighteen percent (18%) a year as damages from the date of each violation, together with reasonable attorney's fees necessary for the enforcement of this claim. Plaintiffs bring this suit to recover such interest and attorney's fees in addition to the damages to which Plaintiffs are rightfully entitled under the policy of insurance described herein.

## IX.
## DISCOVERY

Plaintiff has attached discovery requests hereto as follows:

1. *Exhibit "A"* - Plaintiff's Request for Disclosure to Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**; and
2. *Exhibit "B"* - Plaintiff's Interrogatories to Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**.
3. *Exhibit "C"* - Plaintiff's Request for Admissions to Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**; and
4. *Exhibit "D"* - Plaintiff's Request for Production to Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**.

Defendant is required by the Texas Rules of Civil Procedure to answer such discovery request within fifty (50) days of the date of service hereof.

## NOTICE OF INTENT
## X.

Plaintiff hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XI.

By reason of the above and foregoing, Plaintiff has been damaged in the sum in excess of the minimum jurisdictional limits of this court, to recover for which this suit is brought. Plaintiff brings this suit seeking only monetary relief of $100,000.00 or less.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that on final trial Plaintiff have:

1. Judgment against Defendant for a sum in excess of the minimum jurisdictional limits of this court;

2. Damages to which Plaintiffs are entitled under the policy in question;

3. The statutory penalty for Defendant's failure to comply with the provisions of the Unfair Claim Settlement Practices Act set forth in Chapter 542 of the Texas Insurance Code;

4. Reasonable and necessary Attorneys' fees;

5. Pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

6. Eighteen percent (18%) per annum as additional damages for violation of the Unfair Claims Settlement Practices Act;

7. Costs of suit; and

8. Such other and further relief which Plaintiff may be justly entitled and for which Plaintiff will ever pray.

Respectfully submitted,

PHENIX & CRUMP
ATTORNEYS AT LAW
118 SOUTH MAIN STREET
P. O. DRAWER 1005
HENDERSON, TEXAS 75653-1005
(903) 657-3595
FAX NO. (903) 657-3598
rusty@phenixlawfirm.com
J. R. "RUSTY" PHENIX
STATE BAR #15908300
CARY J. CRUMP
cary@phenixlawfirm.com
STATE BAR #90004754

BY: _____
J.R. "RUSTY" PHENIX
*Attorneys for Plaintiffs*

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**